```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAJIV RAMJAS, #20-A-00257,

                           Plaintiff,

        -against-                                                    ORDER
                                                                     19-CV-07192 (JMA)(AYS)
NASSAU COUNTY CORRECTIONAL CENTER
C/O OFFICERS KYLIE SENA, GUENTHER, BIEN,

                           Defendants.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On December 16, 2019, incarcerated *pro se* plaintiff Rajiv Ramjas ("Plaintiff") commenced this action against three individuals alleged to work at the Nassau County Correctional Center as corrections officers, namely Kylie Sena ("Sena"), Guenther, and Bien pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights.[1] Plaintiff did not remit the Court's filing fee nor did he file an application to proceed *in forma pauperis* at the time he filed the complaint. Accordingly, by Notice of Deficiency dated December 23, 2019, Plaintiff was instructed to either remit the filing fee or to complete and return the enclose application to proceed *in forma pauperis* and Prisoner Litigation Authorization form ("PLRA") within fourteen (14) days in order for his case to proceed. On January 6, 2020, Plaintiff timely filed an application to proceed *in forma pauperis* and PLRA.

Upon review of the declarations accompanying Plaintiff's application to proceed *in forma pauperis*, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's

---

[1] It is unclear whether Plaintiff intended to name the Nassau County Correctional Center as a defendant. However, because the Nassau County Correctional Center is merely an administrative arm of the municipality, Nassau County, it does not have an independent legal identity and cannot be sued. See, e.g., Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002). Accordingly, to the extent Plaintiff names the Nassau County Correctional Center as a defendant, such claims are implausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

FILED
CLERK
2/7/2020 3:48 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

application to proceed *in forma pauperis* is GRANTED.

IT IS HEREBY ORDERED that Plaintiff is granted leave to file the complaint without prepayment of the filing fee or security; and

IT IS FURTHER ORDERED that the Clerk of Court must forward to the United States Marshal Service for the Eastern District of New York ("USMS") a copy of Plaintiff's summonses, complaint and this Order for service upon the defendants without prepayment of fees.

However, the USMS will not be able to serve the defendants identified only as "Guenther" and "Bien" without more information. Pursuant to Valentin v. Dinkins, 121 F.3d 72, 75–76 (2d Cir. 1997) (*per curiam*), the Court requests that the Nassau County Attorney ascertain the full names and service addresses of these defendants. Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Nassau County Attorney and the Nassau County Attorney's Office is requested to attempt to ascertain the full names of these individuals and who are described in the complaint and alleged to have interacted with Plaintiff on July 24, 2019 and to provide their names and address(es) where each such defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin. Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's complaint shall be deemed amended to reflect the full names of the defendants now identified as Guenther and Bien, summonses shall be issued to them, and the USMS shall effect service.

IT IS FURTHER ORDERED that the Clerk of Court must mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED.**                                                 ___/s/ (JMA)_____
                                                                Joan M. Azrack
Dated:  February 7, 2020                                        United States District Judge
        Central Islip, New York